UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:05-cr-341-T-24EAJ

JAMES LAWRENCE LIGHT

_____/

**ORDER**

This cause comes before the Court on Defendant Light's Motion to Vacate and Set Aside Judgment of Conviction. (Doc. No. 91). As explained below, the motion is denied.

**I. Background**

On August 11, 2005, Defendant was charged with possessing with intent to distribute crack cocaine. (Doc. No. 1). On August 12, 2005, an arrest warrant was issued for his arrest, and Defendant was arrested on December 29, 2005. (Doc. No. 4, 11). Thereafter, a superseding indictment was issued on February 9, 2006 that charged Defendant will distributing 5 grams or more of crack cocaine. (Doc. No. 28). On February 14, 2006, the jury found Defendant guilty, and he was sentenced to 262 months of imprisonment. (Doc. No. 45, 53). Defendant appealed, and his conviction and sentence were affirmed on February 28, 2007. (Doc. No. 72)

**II. Motion to Vacate Judgment**

Defendant now moves to vacate and set aside his judgment of conviction pursuant to the writ of *error coram nobis,* because he contends that his due process rights were violated when he was arrested without a valid arrest warrant. The Eleventh Circuit has stated the following regarding the writ of *error coram nobis*:

> Federal courts have authority to issue a writ of *error coram nobis* under the All Writs Act, now codified as 28 U.S.C. § 1651(a). The writ of *error coram nobis* is a limited

remedy of last resort: Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.

U.S. v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997)(internal quotation marks and citations omitted).

Defendant has not shown that he is entitled to this extraordinary remedy. It is clear that he was arrested on December 29, 2005 pursuant to a validly issued arrest warrant. (Doc. No. 4, 11). While Defendant takes issue with the fact that the warrant was signed by the Clerk of the Court, as opposed to being signed by a judge, such does not affect the validity of the warrant.[1] As such, his arrest and subsequent conviction did not violate his due process rights, because the arrest warrant was valid. Therefore, there is no basis for vacating or setting aside the judgment in this case

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant Light's Motion to Vacate and Set Aside Judgment of Conviction (Doc. No. 91) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of December, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendant

---

[1] Federal Rule of Criminal Procedure 9(b)(1) provides that the warrant must be signed by the clerk of the court.